Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5827 | **DATE** | 9-6-2011 |
| **CASE TITLE** | Ian Henning (R-51116) v. Perez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The court orders the trust fund officer at the Vandalia Correctional Center to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of the trust fund officer at the Vandalia Correctional Center. The Clerk shall also: (1) issue summonses as to Commander Hunger, Bill Woods, Lieutenant Flowers, and Lieutenant Daniel Swanson, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, (3) send Plaintiff said Form and Instructions for Submitting Documents, along with a copy of this order, (4) dismiss Defendants Sheriff Perez and Commander Keaty. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Ian Henning, a prisoner at the Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Vandalia trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Plaintiff alleges that on September 15, 2010, while he was detained at the Kane County Adult Detention Center, Bill Wood, who was in charge of programs at the jail, issued a policy that all books and magazines would no longer be accepted through the mail, with the exception of religious or educational materials that had been pre-approved. All books and magazines received through the mail after this date would be returned to sender. Plaintiff filed a grievance regarding the new policy. Lieutenant Flowers responded that the policy was being reviewed by the administration. Plaintiff appealed the response to Commander Keaty. Lieutenant Flowers responded that the policy was under review. On June 3, 2011, Plaintiff tried to appeal the grievance again to a new commander, Commander Hunger. Commander Hunger met with Plaintiff and told him he would inquire whether Plaintiff had exhausted his appeal. That same day, Plaintiff received a response from Hunger that Plaintiff had exhausted his appeal. Lieutenant Swanson is in charge of the mail room and returned to sender the books and magazines sent to Plaintiff. The policy remained in place.

Plaintiff also alleges that the jail library is inadequate because it contained only the Illinois Compiled Statutes. In addition the jail provides each inmate with only two pieces of paper and one stamp a week. Plaintiff

## STATEMENT

grieved both issues, but both grievances were denied.

The complaint names Kane County Sheriff Patrick Perez, Commander Keaty, Commander Hunger, Bill Woods, Lieutenant Flowers, and Lieutenant Daniel Swanson as Defendants.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

As to Plaintiff's first claim, which concerns the books and magazines, Plaintiff has not stated a claim as to Commander Keaty and Sheriff Perez. There are no allegations that either Defendant was involved in the actual policy that is the subject of the complaint, and Plaintiff has alleged no facts suggesting these two Defendants' direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violations of his constitutional rights occurred at their direction or with their knowledge and consent. *Ibid.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005); *see also Iqbal*, 129 S. Ct. at 1948 ("plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Ibid.* To be held liable under § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary under § 1983. *See Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Here, Plaintiff has failed to allege any facts tending to show that Commander Keaty or Sheriff Perez were personally involved in–or even aware of–the banning of books and magazines. Accordingly, those Defendants are dismissed from this action. While the allegations against several of the remaining Defendants is tenuous, the remaining Defendants must respond to the Plaintiff's claim regarding the banning of books and magazines, as Plaintiff has alleged their knowledge of the unconstitutional policy and lack of any remedial action.

However, Plaintiff fails to state a claim regarding his alleged access to courts claims based on the law library and lack of supplies. A prisoner's claim alleging a denial of access to the courts must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Plaintiff has failed to allege any facts regarding his inability to pursue any type of claim. Accordingly, his First Amendment denial of access to court claims are dismissed without prejudice.

Based on the above, Plaintiff may proceed with his First Amendment claim regarding the banning of books and magazines against Defendants Commander Hunger, Bill Woods, Lieutenant Flowers, and Lieutenant Daniel Swanson. Defendants Sheriff Perez and Commander Keaty are dismissed from this action. Plaintiff's First Amendment right to access to court claims are dismissed without prejudice, with leave to replead by 9/29/2011.

The United States Marshals Service is appointed to serve Defendants Commander Hunger, Bill Woods, Lieutenant Flowers, and Lieutenant Daniel Swanson. With respect to any former Kane County Adult Detention Center employee who can no longer be found at the work address provided by Plaintiff, the Kane County Adult Detention Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for

| STATEMENT |
|---|

purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court.

Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the court concludes that appointment of counsel is not warranted at this time. Plaintiff has not demonstrated that he has made reasonable efforts to retain counsel or that he was prevented from doing so. Plaintiff has not alleged a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice to reinstatement if the circumstances change.