# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5827 | **DATE** | 3-5-2012 |
| **CASE TITLE** | Ian Henning (R-51116) vs. Perez, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [25] is granted in part and denied in part. Plaintiff may proceed on his First Amendment claim based on the alleged unconstitutional policy that prevented him from receiving his books and magazines. Plaintiff's access to court claims are dismissed without prejudice. Plaintiff's requests for injunctive relief are denied as moot. Defendants shall file their answer to the complaint by 3/26/2012. The parties shall be prepared to discuss scheduling at the 4/10/2012 status hearing.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Ian Henning, currently a detainee at Walworth County Jail in Eklhorn, Wisconsin, brings this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendants' motion to dismiss.

Precedent requires that *pro se* complaints be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *See Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Plaintiff alleges that in September 2010, while detained at the Kane County Jail, a policy was put into place that only allowed detainees to receive books and magazines that were for religious or educational purposes and that had been pre-approved by the jai administrator. Plaintiff alleges that he could not receive any books or magazines for at least nine months, "which would have been" at least one book a month and three magazines a month. He alleges that the books and magazines sent to him were returned by Lieutenant Swanson, the individual in charge of the mailroom. Plaintiff also alleges that the law library at the Jail was insufficient because it contained only the Illinois Compiled Statute, which made research impossible without outside help. Plaintiff further alleges that the Jail did not provide an adequate supply of paper or postage "for legal use." Furthermore, Plaintiff alleges that because the indigent kits are overpriced ($3.00 each), he cannot buy more postage and paper. Plaintiff seeks monetary damages, access to the law library, a proper amount of paper and postage to send out legal mail, and for the indigent kits not to cost $3.00.

Defendants first argue that Plaintiff lacks standing to challenge the Jail's mail policy or to seek injunctive relief. Defendants contend that Plaintiff did not allege that he suffered an injury in fact because he alleges only that he "would have received" books and magazines each month. Contrary to Defendants' argument, Plaintiff alleges that

| STATEMENT |
|---|

books and magazines delivered to Plaintiff at the jail were returned by Lieutenant Swanson. Thus, he does allege an injury in fact.

However, Plaintiff is no longer detained at the Kane County Jail and he does not allege that there is a high probability that he will be detained at Kane County Jail again. Article III of the Constitution limits the federal courts to adjudicating actual "cases" or "controversies." U.S. Const. art. III, § 2. Standing must exist for each form of relief sought during every stage of the litigation. *Parvati Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010). If a party loses standing during the litigation due to intervening events, "the inquiry is really one of mootness." *Parvati*, 630 F.3d at 516, citing *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 185 (2000). In other words, the required personal interest that must exist at the commencement of the litigation (standing) must continue throughout the litigation (mootness). *Friends of the Earth Inc.*, 528 U.S. at 185. It is undisputed that Plaintiff had standing to seek injunctive relief when he filed suit. However, his claims for injunctive relief regarding Kane County Jail are moot because he is no longer housed at the Kane County Jail and there are no allegations that he is likely to be transferred back to Kane County Jail. *See Pearson v. Welborn*, 472 F.3d 732, 743 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Accordingly, Plaintiff's requests for injunctive relief are denied as moot.

Defendants also argue that Plaintiff did not sufficiently state a claim regrading inadequate access to the courts based on the law library and the minimal paper and postage he was given. As to these claims, Plaintiff alleged, in general, dissatisfaction with the law library and the amount of paper and postage he received. However, he did not allege that any of the aspects that were lacking interfered in any manner with his right to adequate, effective, meaningful access to the courts in relation to a specific non-frivolous legal claim. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2004); *see also Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (to avoid dismissal of a denial to access to the court claim the plaintiff "had to allege that he had a non-frivolous legal claim that was frustrated or impeded . . . and that he was harmed" by the defendant's action or lack of action); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (affirming dismissal of claim that his right to access the court was violated because plaintiff failed to plead any detriment to his access to the courts). Accordingly, Plaintiff has failed to plead a denial of access to the courts claim, and these claims are dismissed without prejudice.

Based on the above, Defendants' motion to dismiss is granted in part and denied in part. Plaintiff may proceed on his First Amendment claim based on the alleged unconstitutional policy that prevented Plaintiff from receiving his books and magazines. Plaintiff's access-to-court claims are dismissed without prejudice. Plaintiff's requests for injunctive relief are denied as moot. Defendants shall file answer the complaint by March 26, 2012.